## SMITH v. MACBETH.

### (Circuit Court, E. D. New York. January 1, 1894.)

PATENTS—INFRINGEMENT—MAGNETO-ELECTRIC MACHINES FOR FIRING FUSES.

The Smith patent, No. 201,296, for improvement in magneto-electric machines for firing fuses in blasting, is narrowed by its claims, as allowed, to the combination of an operating device with the switch of the condensing circuit in its path, and adapted to be opened by direct impingement of it, and is not therefore infringed by defendant's device, in which the switch is not in the path of the operating device, and is not opened by the direct impingement of any of the parts constituting the operating device.

This was a suit in equity by H. Julius Smith against James Macbeth for infringement of a patent granted to complainant.

Leonard E. Curtis, for orator.

James A. Hudson and Arthur S. Browne, for defendant.

WHEELER, District Judge. This bill is brought for alleged infringement of letters patent No. 201,296, dated March 12, 1878, and granted to the orator, for improvement in magneto-electric machines for firing fuses in blasting. The electricity is developed and accumulated in a condensing circuit by the rotation of armatures moved by a rack bar forced downward by hand and working a pinion with accelerated velocity; the condensing circuit is

broken by the end of the rack bar striking a switch as it reaches the limit of its stroke, when the electricity is accumulated to its greatest intensity; and the current is sent by the working circuit to the fuses. In the original application, the orator described and claimed the combination with the operating device of a rotary armature of a dynamo-magneto electric machine of a circuit breaker arranged in the condensing circuit of the machine so as to be positively operated by said rotating device, whereby the condensing circuit is broken, and the developed electric current switched therefrom to a working circuit, by which the current is conducted to the point where it is to be applied for firing. On rejection, this part of the application was changed to a description and claim of:

"(1) The combination with the operating device of the rotary armature of a dynamo-magneto electric machine of a bridge or switch arranged in the condensing circuit of said machine, and in the path of said operating device, and adapted to be opened by direct impingement of said device thereupon, substantially as described, and for the purposes set forth."

Upon the application so changed, the patent was granted; and this claim is now alleged to be infringed. In the defendant's machine the armatures are rotated by pulling upward with increasing velocity a bar attached to the end of a lever pivoted on a shaft, and moving a toothed segment meshed in a pinion. The switch in the condensing circuit is opened by a stud on a cam pivoted on the same shaft with the lever, which lifts a latch and lets a spring move it as the operating bar reaches its upward limit, and the electricity is accumulated to its greatest intensity, and the current is thereby sent by the working circuit to the fuses. The orator was apparently the first to apply the power by motion in a direct line to revolving the armatures, whereby the velocity can be more regularly accelerated than when applied by a crank, as before; and also the first to break the condensing circuit by the direct action of the operating device. Therefore, this claim of the patent is probably valid for what it covers. If the general claim first made had been allowed, and could have been sustained, it would perhaps have covered the defendant's machine; but the limitations and restrictions inserted in it to obtain it remain with it. Roemer v. Peddie, 132 U. S. 313, 10 Sup. Ct. 98. They narrow it to the combination of an operating device with the switch of the condensing circuit in its path, and adapted to be opened by direct impingement of it. The switch in the defendant's condensing circuit is not in the path of the operating device, which consists of the bar lever and toothed segment extending from the handle to the shaft on which the lever is pivoted, but is situated beyond the shaft, and outside the path of movement of these parts; and it is not opened by the direct impingement of any of these parts constituting the operating device, but indirectly by the shaft moving the cam which carries the stud that lifts the latch. This does not, as now understood, appear to be an infringement. Bill dismissed.